OPINION
{¶ 1} Appellant, Delmar V. Kirklin, appeals from a final judgment of the Portage County Court of Common Pleas dismissing his petition for a writ of habeas corpus. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant is presently incarcerated at the Mansfield Correctional Institution in Mansfield, Ohio. On September 17, 2001, appellant filed a petition seeking a writ of habeas corpus in which he challenged the validity of his 1989 conviction for aggravated murder. In his petition, appellant claimed that the trial court lacked the necessary subject matter jurisdiction to accept his guilty plea on the aggravated murder charge because, given that his case involved the possible imposition of the death penalty, only a three-judge panel could accept his plea.
 {¶ 3} Appellee, the Ohio Department of Rehabilitation and Correction, subsequently filed a motion to dismiss the case, arguing that appellant had failed to file the petition in the proper county. After appellant submitted his response, the trial court issued a written judgment entry on November 6, 2001, dismissing appellant's petition.
 {¶ 4} From this decision, appellant filed a timely notice of appeal with this court. He now offers four assignments of error for our consideration:
 {¶ 5} "[1.] The trial court erred to the prejudice of Appellant and abuse[d] its discretion, when it denied him Habeas Corpus Ad Subjiciendum relief, in violation of Article I, § 8 of the Ohio Constitution and Article I, § 9 of the United States Constitution.
 {¶ 6} "[2.] The trial court erred to the prejudice of Appellant and abuse[d] its discretion, when it denied him Redress in Courts, in violation of Article I, § 16 of the Ohio Constitution and Civil Rule 3(B)(1), (2), and (6) of the Ohio Rules of Civil Procedure.
 {¶ 7} "[3.] The trial court erred to the prejudice of Appellant and abuse[d] its discretion, when it denied him injunctive Relief, in violation of 2727.01 of the ohio [sic] Revised Code and the equal protection of the Fourteenth Amendment to the United States Constitution.
 {¶ 8} "[4.] The trial court erred to the prejudice of Appellant and abuse[d] its discretion, when it denied him his right to a jury trial, in violation of Civil Rules 38(B) and 39(A) of the Ohio Rules of Civil Procedure."
 {¶ 9} R.C. 2725.03 limits the territorial jurisdiction of a court asked to consider a petition for a writ of habeas corpus. Specifically, R.C. 2725.03 provides:
 {¶ 10} "If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void."
 {¶ 11} As we noted earlier, appellant is currently incarcerated at the Mansfield Correctional Institution, which is located in Richland County, Ohio. Accordingly, the trial court in this case properly dismissed appellant's petition because, as a matter of law, it did not have jurisdiction to determine whether or not appellant was entitled to a writ of habeas corpus. If appellant wishes to adjudicate the issues raised in his petition, R.C. 2725.03 requires that he first file it in the proper forum, i.e., Richland County. See, generally, State ex rel.Jackson v. Craft (Dec. 12, 2000), 8th Dist. No. 78949, 2000 WL 1844737, at 1 (holding that "this court lacks jurisdiction to entertain petitioner's claim since the petitioner is incarcerated at the Lorain Correctional Institution in Grafton, Ohio, and is not in the custody of any authority that is located within Cuyahoga County"); Thrower v.Anderson (May 18, 1999), 10th Dist. No. 98AP-1152, 1999 WL 32983, at 2 (holding that "[s]ince the correctional institution is not located in Franklin County, the Common Pleas Court of Franklin County lacked jurisdiction to determine a writ of habeas corpus").[1]
 {¶ 12} Appellant's four assignments of error are not well-taken. The judgment of the trial court, therefore, is affirmed.
DONALD R. FORD, P.J. and WILLIAM M. O'NEILL, J., concur.
[1] Although we cannot reach the merits of appellant's assignments of error, we do note that "the mere fact that a procedural error occurred in the underlying action does not necessarily mean that the trial judge lost jurisdiction to proceed in the matter." Collier v. Gansheimer (Mar. 8, 2002), 11th Dist. No. 2001-A-0087, 2002 WL 369977, at 3. More to the point, "the failure to follow the procedure for a three-judge panel under R.C. 2945.06 and Crim.R. 11(C)(3) does not constitute a defect in the trial court's subject matter jurisdiction; instead, it is a defect in the court's jurisdiction over that particular case." Collier at 5. Furthermore, such an error "only renders a subsequent sentencing judgment voidable and can be challenged only in a direct appeal from the conviction." Id.